JANE P. EMMONS, RESPONDENT, *v.* ALLAN CAMPBELL, APPELLANT.

*When the court will not restrain the enforcement of a judgment, during the pendency of an appeal therefrom.*

This action was brought by the plaintiff to restrain the defendant, the commissioner of public works of the city of New York, from taking down and removing, as a public nuisance, a building erected by the plaintiff, partly upon land belonging to her and partly upon a portion of the street in front thereof. Upon a trial, had before the court, without a jury, the complaint was dismissed with costs. Thereafter, upon the plaintiff's application, an order was made restraining the defendant from interfering with the plaintiff's building, pending an appeal taken by her from the judgment rendered against her.

*Held,* that it was error to grant the order, and that the same should be reversed.

APPEAL from an order made at Special Term, staying proceedings on the part of the defendant, pending an appeal by the plaintiff from a judgment rendered in favor of the defendant, dismissing the complaint, and for costs.

The plaintiff was the owner of a narrow strip of land on the west side of Church street, in this city, between Cortlandt and Liberty streets, about eighty-five feet six inches in length, and about two feet eleven and three-quarter inches wide at one end, and about five inches in width at the other end. In pursuance of a resolution of the common council, authorizing her to erect a pie and coffee stand on the westerly side of Church street, between Cortlandt and Liberty streets, she erected a building of iron and glass, about eighty-five feet six inches in length, nine feet eleven inches in depth at one end, and about seven feet ten inches in depth at the other. A small portion of this building was placed upon such narrow strip of land, and the rest of the building was placed on that portion of New Church street lying immediately in front of the said strip. The defendant, who is the commissioner of public works, being authorized and required by the charter to remove encroachments upon and obstructions of public streets, notified the plaintiff to remove that portion of the building which stood in the street, and,

upon her failure to do so, gave notice to her that he would cause the same to be removed. The plaintiff thereupon brought an action, in which the relief sought was that the defendant should be perpetually restrained from removing the said building. With the summons and complaint was also served an order of the court, temporarily restraining the defendant from removing the building, which order was subsequently continued, *pendente lite.* An answer was served on behalf of the defendant, and the action was tried at special term, in the month of December, 1879. On January 19, 1880, a decision was rendered dismissing the complaint. Findings of fact and law were signed on June 21, 1880, and on June 24, 1880, judgment was entered dismissing the complaint upon the merits, vacating the temporary injunction, and for costs in favor of the defendant, amounting to $135.24. From this judgment the plaintiff appealed, and gave security for costs in $500. On July 7, 1880, the plaintiff obtained and served an order requiring the defendant to show cause why he should not be restrained from taking down the building pending the appeal from said judgment, and with said order was a temporary stay of the defendant's proceedings. On the return of the order to show cause, the application for a stay was opposed, but such application was granted, and an order was made, on July 30, 1880, that upon the filing, on behalf of the plaintiff, of a bond in $2,500, conditioned for the payment to the defendant of all damages which might be incurred by him by reason of a stay of proceedings, he be restrained from removing said building pending the appeal from said judgment. Such a bond was subsequently executed, and the defendant appeals from the order granting the stay.

*George P. Andrews,* for the appellant. There was no authority of law for making the order appealed from. (*Fellows* v. *Heermans,* 13 Abb. Pr., N. S., 1; *Speers* v. *Matthews,* 66 N. Y., 127.)

*J. A. Stoutenburgh,* for the respondent.

PER CURIAM:

It was error, upon the facts of this case, to grant an injunction pending the appeal from the judgment dismissing the plaintiff's

complaint. The court, upon the trial, after full consideration, found that so much of the plaintiff's building as stood upon Church street was a public nuisance. The effect of the order appealed from is to restrain a public officer from performing the duty imposed upon him by law, of removing obstructions to, or encroachments upon, the streets of the city.

There may be cases where the court can properly suspend the operation of its judgment.

That question we need not consider. But this was not such a case. It was hardly a case where an injunction *pendente lite* could properly be granted. Certainly no such injunction would have been granted if the court could have known that, upon the trial, the complaint would be dismissed upon the merits.

The order should be reversed, with $10 costs, and disbursements of the appeal, and the injunction and stay vacated.

Present—DAVIS, P. J., BRADY and BARRETT, JJ.

Order reversed, and injunction and stay vacated.